IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-105-D
No. 7:20-CV-156-D

| | |
|---|---|
| RUFUS LAMAR PARKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On August 20, 2020, Rufus Lamar Parker ("Parker" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 78-month sentence [D.E. 377]. On March 22, 2021, Parker moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 396]. On November 21, 2021, Parker, through counsel, filed a memorandum in support of his motion for compassionate release [D.E. 445]. On December 6, 2021, the government responded in opposition [D.E. 447]. On January 10, 2022, the government moved to dismiss Parker's section 2255 motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [D.E. 452] and filed a memorandum in support [D.E. 453]. The court informed Parker of the motion to dismiss, the response deadline, and the consequences of failing to respond [D.E. 454]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Parker did not respond, and the time within which to do so has expired. As explained below, the court grants the government's motion to dismiss, dismisses Parker's 2255 petition, and denies as moot Parker's motion for compassionate release.

I.

Parker pleaded guilty to six counts of distribution and possession with the intent to distribute a quantity of cocaine and one count of conspiracy to manufacture, distribute, or possess with the intent to distribute a quantity of cocaine. See [D.E. 156, 216, 266, 271, 273]. On April 16, 2019, the court held Parker's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 319, 321]; PSR [D.E. 313]; Sentencing Tr. [D.E. 349] 5. After hearing evidence and argument, the court overruled Parker's drug weight objection and objection to a 2-level enhancement for possession of a dangerous weapon. See Sentencing Tr. at 6–29. The court calculated Parker's offense level to be 27, his criminal history category to be II, and his advisory guideline range to be 78 to 97 months' imprisonment. See id. at 29–30. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Parker to 78 months' imprisonment on each count to run concurrently. See id. at 41; [D.E. 321]. On April 29, 2019, Parker appealed. See [D.E. 323]. On April 14, 2020, the United States Court of Appeals for the Fourth Circuit enforced Parker's appellate waiver and dismissed his appeal. See United States v. Parker, 801 F. App'x 125 (4th Cir. 2020) (per curiam) (unpublished).

On March 14, 2022, the Bureau of Prisons released Parker. See BOP Inmate Locator, https://bop.gov/inmateloc// (search by inmate name) (last visited Mar. 22, 2022). Accordingly, the court denies as moot Parker's motion for compassionate release.

II.

Parker moves to vacate his sentence based on ineffective assistance of counsel at his sentencing hearing. Specifically, Parker argues his counsel failed to adequately challenge a 2-level enhancement for possession of a dangerous weapon. See [D.E. 377] 4; [D.E. 377-2]. The government moves to dismiss for failure to state a claim under Rule 12(b)(6). See [D.E. 452, 453].

Even though the BOP released Parker, he will be on supervised release for three years following his release date. See [D.E. 321]. A defendant's release from incarceration does not render a section 2255 motion moot if the defendant is on supervised release. See United States v. Johnson, 729 F. App'x 229, 230 (4th Cir. 2018) (per curiam) (unpublished); United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999). Thus, the court considers Parker's section 2255 motion on the merits.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of

3

counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Parker fails to plausibly allege deficient performance or prejudice. As for deficient performance, counsel performed ably. Before Parker's sentencing hearing, counsel filed several

4

objections to the PSR that thoroughly explained the objections and cited relevant caselaw. See [D.E. 306]. One objection challenged the 2-level enhancement for possession of a dangerous weapon. See id. at 3. Counsel also filed a comprehensive sentencing memorandum that explained the objections, made specific and detailed arguments for a downward variance based on the 18 U.S.C. § 3553(a) factors, and included four character letters. See [D.E. 315]. At Parker's sentencing hearing, counsel renewed Parker's objections, including to the enhancement for possession of a dangerous weapon, and cross-examined the government's witnesses. See Sentencing Tr. at 6–27. Counsel also made substantive arguments under the section 3553(a) factors that amplified the sentencing memorandum and character letters he submitted on Parker's behalf. See id. at 30–36.

In opposition, Parker argues that counsel performed deficiently by being unprepared to rebut the government's evidence that the firearm he possessed was a unique firearm and that he was involved in giving the firearm to a confidential informant to use in the robbery of a stash house. See [D.E. 377-2]; see also PSR ¶¶ 47–56. Parker argues that had counsel conducted sufficient research, counsel could have demonstrated that the firearm was not unique because, according to Parker, the manufacturer produced 1.5 million of them. See [D.E. 377-2] 4–6. Moreover, Parker argues counsel should have subpoenaed a firearms expert to testify to that effect. See id. Finally, Parker argues counsel should have subpoenaed the confidential informant and a co-defendant to demonstrate Parker was not involved. See id. at 7–8.

The court rejects Parker's arguments. Counsel's performance was not constitutionally deficient but instead "falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. To decide otherwise would be to fall prey to "the distorting effects of hindsight." Id. Counsel helped Parker to secure a plea agreement whereby the government agreed to dismiss a drug conspiracy count that would have subjected Parker to a five-year mandatory minimum. See

5

[D.E. 156, 273]. Because of counsel's able performance, Parker was not subject to a mandatory minimum sentence. Moreover, counsel made detailed, substantive arguments on Parker's behalf in his filings and at Parker's sentencing hearing, securing for Parker a sentence at the bottom of the advisory guideline range. Compare PSR ¶ 108, with [D.E. 321] 3. Thus, although counsel did not make all the arguments Parker wishes he had made, counsel did not perform deficiently. See Strickland, 466 U.S. at 689.

Alternatively, even if counsel performed deficiently, Parker has not plausibly alleged prejudice. Sufficient evidence existed to find by a preponderance of the evidence that the enhancement for possession of a dangerous weapon applied. At Parker's sentencing hearing, the court credited Agent Simpson's testimony that when the confidential informant called Parker's co-defendant to get a gun for the stash house robbery, the co-defendant called Parker, Parker delivered the gun to the co-defendant, and the co-defendant gave the gun to the confidential informant. See Sentencing Tr. at 29; see also PSR ¶ 52. The court also credited Agent Simpson's testimony that law enforcement had used the same confidential informant in other investigations and found him reliable. See Sentencing Tr. at 24. As for the gun itself, Agent Simpson testified that in 13 years as a law enforcement officer, he had never encountered this firearm model before, supporting a finding of the gun's relative uniqueness. See id. at 13, 15. Moreover, law enforcement found a loaded magazine fitting that gun at Parker's residence. See PSR ¶ 58 & n.9. Thus, the evidence supported the enhancement.

Even if counsel had subpoenaed a firearms expert, the confidential informant, and the co-defendant to testify, Parker does not plausibly allege "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. To prove prejudice from deficient performance at sentencing, a petitioner must prove a reasonable probability exists that he would have received a

6

different sentence if the deficient performance had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010) (per curiam); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017).

Parker does not plausibly allege the proposed testimony would have contradicted Agent Simpson's testimony concerning Parker's possession of a dangerous weapon, that the court would have credited that testimony, or that he would have received a different sentence. As to the confidential informant and co-defendant, counsel made a reasonable tactical decision not to risk additional damaging testimony about Parker's firearm possession. Finally, even assuming the court would have sustained counsel's objection to the enhancement had counsel called these three witnesses, Parker would have received the same sentence. After all, at the conclusion of Parker's sentencing hearing, the court stated that if it "ha[d], in any way, miscalculated the advisory guideline range," the court would have "impose[d] the same sentence as an alternative variant sentence" because the sentence was "sufficient but not greater than necessary for Mr. Parker in light of all the 3553(a) factors." Sentencing Tr. at 41–42; see Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); Sears, 561 U.S. at 955–56; United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). Thus, Parker does not plausibly allege prejudice, and his ineffective assistance claim fails. Accordingly, the court grants the government's motion to dismiss and dismisses the claim.

Alternatively, although cloaked as an ineffective assistance claim, Parker really claims the court erred concerning the enhancement for possession of a dangerous weapon. Stated differently, Parker argues the court miscalculated his advisory guideline range. Parker, however, cannot use section 2255 to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); Pregent, 190 F.3d at 283–84 ("Barring extraordinary

7

circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding.").

After reviewing the claims presented in Parker's motion, the court finds that reasonable jurists would not find the court's treatment of Parker's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.

In sum, the court DENIES as moot petitioner's motion for compassionate release [D.E. 396], GRANTS respondent's motion to dismiss [D.E. 452], DISMISSES petitioner's section 2255 motion [D.E. 377], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 22 day of March, 2022.

JAMES C. DEVER III
United States District Judge